CA 06 304 S

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM R. BIEWENGA and MAUREEN A. RODDY** | : | |
| | : | |
| **vs.** | : | **C.A. No.:** |
| | : | |
| **AMANDA D. DONNELLY, formerly known as AMANDA D. JARROW** | : | |

**COMPLAINT**

1. Plaintiffs, William R. Biewenga and Maureen A. Roddy, are both residents of the City of Newport, State of Rhode Island.

2. Defendant, Amanda D. Donnelly, formerly known as Amanda D. Jarrow, resides in the Town of Orangeburg, State of South Carolina.

3. At all times mentioned herein, Defendant was, and still is, seized in fee simple of certain real property, situated in the Town of North Kingstown, County of Washington, State of Rhode Island, more specifically described as 131 Lloyd Road, North Kingstown, Rhode Island and otherwise identified as Lot 92 on North Kingstown Tax Assessor's Plat 19, as presently constituted.

4. This court has jurisdiction over this matter as the amount in controversy exceeds $75,000.00 and the parties are residents of different states. Therefore, there is jurisdiction pursuant to 28 USC § 1332. Venue is proper as the real estate that is the subject of this dispute is in Rhode Island.

5. By a written Purchase and Sale Agreement dated on or about April 3, 2006, as modified by Addendum/Extension, the Plaintiff's agreed to purchase and the Defendant agreed to sell the above described property for the consideration of $490,000.00

6. The Plaintiff's have been ready, willing and able to purchase said real estate but the Defendant refuses to schedule a closing and sell the real estate.

7. The Defendant, through her actions, is in breach of the Purchase and Sale Agreement.

8. Although the Defendant is in breach of the Purchase and Sale Agreement, the Plaintiffs have not and do not rescind the Agreement, which remains valid and binding on both parties.

9. The Plaintiff's have complied with all obligations required of them prior to closing under the Purchase and Sale Agreement, and are ready, willing and able to comply with all other obligations required of them at or after the closing.

10. The Plaintiffs demand a jury trial to the extent permitted by law.

**WHEREFORE**, the Plaintiff prays:

1. For a decree directing the Defendant to specifically perform her obligations under the Purchase and Sale Agreement;
2. In the alternative, for judgment against the Defendant for breach of contract measured by the difference between the purchase price stated in the Purchase and Sale Agreement and the current fair market value of the subject property;
3. A judgment for consequential and incidental damages in the amount to be set by the court to be based on the Plaintiffs costs and damages;
4. Attorneys' fees;
5. Costs of suit;
6. Such other and further relief as this court shall deem meet and just.

Plaintiffs
By their attorney

Francis S. Holbrook II, (3412)
Miller Scott & Holbrook
122 Touro Street
Newport, RI 02840
401-847-7500
Fax: 401-841-8534

4461/cb